IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GREGORY M. ADALIAN** | : | CHAPTER 13 |
| Debtor | : | CASE NO. 5-11-05925 |
| **GREGORY M. ADALIAN** | : | |
| PLAINTIFF, | : | ADVERSARY NO._____ |
| VS. | : | |
| **EMERSON M.F. JOU**, and **STEPHEN M. SHAW, ESQ.**, | : | |
| DEFENDANTS. | : | |

## COMPLAINT FOR VIOLATIONS OF THE AUTOMATIC STAY

Plaintiff Gregory M. Adalian ("Debtor"), through his undersigned counsel, hereby complains of Defendants Emerson M.F. Jou, and Stephen M. Shaw, Esq., and alleges as follows:

### PARTIES

1. Plaintiff Gregory M. Adalian is the debtor in the above-captioned case. Debtor is an adult individual having an address of 827 Enterprise Street, Dickson City, PA 18519.

2. Upon information and belief, Defendant Emerson M.F. Jou, M.D. ("Jou"), is a competent adult individual having an address of PO Box 23353, Honolulu, HI 96804.

3. Upon information and belief, Stephen M. Shaw, Esq. ("Shaw"), is a competent adult individual having a business address of PO Box 23353, Honolulu, HI 96804. Upon information and belief, Shaw is a licensed attorney in Hawaii and has represented Jou throughout all times relevant to this action.

## JURISDICTION AND VENUE

4. This adversary proceeding is an action pursuant to Section 362 of the Bankruptcy Code and Part VII of the Federal Rules of Bankruptcy Procedure to recover damages.

5. This adversary proceeding arises under the Bankruptcy Code, and arises in and relates to the above-captioned Debtor that is pending under Chapter 13 of the Bankruptcy Code in the United State Bankruptcy Court for the Middle District of Pennsylvania.

6. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. Section 157(b)(1) and (b)(2)(A).

7. Venue is proper in this district pursuant to 28 U.S.C. Section 1409.

## BACKGROUND

8. The above bankruptcy was commenced by the Debtor filing a Voluntary Petition for relief under Chapter 13 of the Bankruptcy Code on August 26, 2011.

9. Defendants are creditors listed on the Debtor's schedules and placed on the official matrix. Accordingly, the Defendant received all of the notices and orders issued in this case.

10. An action was filed against Gregory M. Adalian by Emerson M.F. Jou, M.D., through his counsel, Stephen Shaw on or about May 19, 2009 in the U.S. District Court for District of Hawaii (# 09-00226 JMS-KSC). The action pending in Hawaii relates to two (2) unpaid promissory notes dating back to 1991. When the Plaintiff/Debtor was unable to pay the settled amount, the District Court entered judgment against the Debtor. The Defendants then sought to hold the Debtor in contempt because of his inability to pay the judgment.

11. On August 26, 2011, Debtor's counsel sent Defendant Shaw a letter advising of the Chapter 13 bankruptcy and the imposition of the automatic stay. A copy of said letter is attached hereto as **Exhibit "A"** and incorporated herein by reference.

12. Despite receiving notice of the bankruptcy filing, in violation of the automatic stay, Defendants blatantly pursued their Motion for an Order that Defendant Gregory M. Adalian is in Contempt of Court on August 29, 2011.

13. Defendants, through the appearance of Defendant Shaw, participated in the August 29, 2011 contempt proceeding against the Debtor in Hawaii and allowed the Hawaii District Court to obtain a finding of contempt and order the Debtor to pay Jou an additional $22,998.47. A true and correct copy of the August 29, 2011 Minutes are attached hereto as **Exhibit "B"** and incorporated herein by reference.[1]

14. The actions of the Defendants have caused the Debtor to suffer irreparable harm and great emotional distress, humiliation and embarrassment. Further, the actions of the Defendants have caused the Debtor to incur additional attorneys' fees and costs.

15. Also, the Defendants' intentional misconduct is causing irreparable harm to the Debtor's credit and may impair his ability to obtain a "fresh start" under his bankruptcy.

## COUNT I – VIOLATIONS OF §362

16. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

---

[1] On August 31, 2011, <u>after</u> knowingly and intentionally violating the stay, the Defendants filed an objection to the August 29, 2011 findings. The Defendants admit in their objection that Shaw conferred with Pennsylvania counsel and acknowledged that the stay was in effect. A true and correct copy of the Objection is attached hereto as **Exhibit "C"** and incorporated herein by reference.

17. Upon the filing of a petition under the Bankruptcy Code, an "Automatic Stay" becomes effective pursuant to 11 U.S.C. §362(a), which, <u>inter</u> <u>alia</u>, operates as a stay of any collection efforts by creditors against the debtor.

18. By the filing of the Motion for an Order that Defendant Gregory M. Adalian is in Contempt of Court and participating in a hearing seeking contempt and additional money sanctions against the Debtor, Defendants intentionally violated the "Automatic Stay" and Plaintiff has just cause to seek relief for such violations.

19. As a direct and proximate result of the Defendants' unlawful conduct, the Debtor has suffered irreparable harm and great emotional distress, sleeplessness, and has been subjected to humiliation and embarrassment.

20. Section 362(k) provides that,

> … an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

11 U.S.C. §362(k).

21. As set forth above, Defendants repeatedly, and intentionally and/or recklessly, violated the automatic stay provided under 11 U.S.C. §362(a) after being advised of the Plaintiff's bankruptcy. As such, Plaintiff is entitled to recover damages under §362(k).

**WHEREFORE,** Plaintiff respectfully requests that the Court enter judgment:

    a. granting judgment in favor of the Plaintiff against the Defendants for damages incurred by the violation of the "Automatic Stay";

    b. granting Plaintiff's judgment for costs and attorney's fees;

    c. granting Plaintiff's judgment for punitive damages; and

    d. granting such other and further relief as the Court deems just and proper.

**CONWAY LAW OFFICES, P.C.**

/s/ Mark J. Conway
MARK J. CONWAY, ESQ. (ID #59114)
502 S. Blakely Street
Dunmore, PA 18512
Phone – (570) 343-5350
Fax – (570) 343-5377

Counsel for Plaintiff

DATED: September 13, 2011